JUDGE LINDSAY
delivered the opinion op the court.
By an act of the General Assembly, which became a law without the signature of the governor on the 26th of February, 1873, entitled “An act for the benefit of the Louisville, Harrod’s Creek & Westport Railway Company,” it is enacted “that the County Court of Jefferson County subscribe for twelve hundred and fifty shares of the capital stock of the said Louisville, Harrod’s Creek & Westport Railway Company, in behalf of said Harrod’s Creek Precinct, and issue to said railway company in payment, therefor the coupon bonds *3 of the said precinct, in denominations of not less than one; hundred nor more than one thousand dollars, payable to beareri twenty years after date, and bearing interest at the rate of six,, per centum per annum from date until paid, and payable semi-, annually.”
The duty imposed upon the County Court of Jefferson-County is purely ministerial, and from the language of the section quoted it seems evident that said court was invested ,■ with no discretion; but was required, as the agent of the Gen-) eral Assembly, to do a given act, the propriety of which had already been passed upon by the law-making power. The, time at which the subscription was to be made is not fixed by - the act; but it may, in fact must, be assumed that it was-intended that it should be made within a reasonable time after the act took effect. The imperative character of the language • used forbids the conclusion that the subscription directed was not to be made until one hundred thousand dollars of stock had been subscribed for by private individuals.
The sixth section of the act seems to contemplate the' possibility that with this subscription the road could not be extended farther than the Oldham county-line; and we are inclined to the opinion that the conviction upon the part of the General Assembly that the subscription by Harrod’s Precinct for tw'elve hundred and fifty shares of the capital stock of the company would enable it to extend its road to that point exercised a controlling influence in inducing the enact- ■ ment of the mandatory statute called in question by this proceeding. This court can not therefore adjudge that the provisions of this act are to be regarded as modified or restricted by any thing contained in the original charter of the company, or in the various acts amendatory of such charter.
Appellants insist that the act is unconstitutional because it provides that Harrod’s Precinct shall be compelled to become. a stockholder in a private corporation. The general doctrine) *4 that local communities may with their own consent be taxed for the purpose of building railroads in which they have a peculiar local interest is conceded; but it is argued that the construction and operation of railways is not necessarily a governmental duty, and that a local community, such as a city, county, or precinct, can not be required, without the consent of a majority of the people to be affected, or of their local representatives, to become a stockholder in a private corporation engaged in such an undertaking.
For the purposes of this litigation this doctrine may be accepted as correct, and yet we feel constrained to decide that the vice-chancellor properly refused appellants the order of ■injunction prayed foi\ The preamble to the act recites that it was passed upon the petition of a majority of the voters and tax-payers in the precinct.
Generally the consent or approval of the community to b.e subjected to the character of taxation involved in this case is obtained by a submission of the question to the people at an election held for that purpose, and the acceptance of the provisions o,f the act by a majority of those voting has uniformly been held sufficient to authorize the imposition and collection in the shape of taxes of such sums as may be necessary to pay the sum subscribed. In this case the legislature declared that it had received in advance the consent of not only a majority of the voters, but of the tax-payers of Harrod’s Creek Pre7 cinct. If this declaration be accepted as true, then avo have the consent which appellants insist is necessary to bring the act Avithin the constitutional power of the legislature, and the courts can not interfere to defeat the legislative will.
Our attention has been called to the case of Elmondorff v. Carmichael (3 Littell, 480) as conducing to establish the doctrine that recitals contained in the preamble to an act of the General Assembly are not to be treated as true in controversies. arising under the provisions of the act. The act *5 under consideration in that case was a private act. . The party-objecting to the recital claimed that it divested or was calculated to divest him of title to realty to which he was asserting claim at the time of the passage of the act; that as between himself and the party claiming under the act the representations made to the General Assembly were ex parte, and hence that he could not be prejudiced by a legislative determination of a question of fact that need not have been set out either in the preamble or body of the act. We do not dissent from the doctrine laid down by the court in deciding that question, but are of opinion that it does not apply in this case. This is a public act, intended to operate upon a local community, it is true, but for the purpose of accomplishing an end deemed by the legislature a matter of public interest to that community. It divests no private rights, and affects the citizen only to the extent that it requires him to perform a public duty, or rather to submit to an assessment against his property for the good of the local public.
Appellants claim that the consent of a majority of the voters residing within the territorial limits of the precinct was essential to give validity to the action of the legislature, and that this consent is a jurisdictional fact; and as the question was not submitted to the voters for their ratification after the passage of the act, it was necessary that it should be made to appear that it had been obtained before its passage. Whether the recital in the preamble that the necessary consent had been obtained is or is not conclusive we need not decide; but in the absence of allegation and proof to the contrary the courts must treat it as at least, prima facie evidence of the fact. (McReynolds, &c. v. Smallhouse, 8 Bush, 456.) The act under consideration does not attempt to render valid a subscription for stock heretofore attempted to be made by the county court for Harrod’s Precinct, but provides for a new subscription altogether. It is not therefore subject to the *6 rule announced in the late case of Allison, &c. against this railway company,* and in the case of Gaines v. Gaines (9 B. Monroe, 295).
The judgment of the vice-chancellor must be affirmed.

 See Allison, &c. v. Louisville, Harrod’s Creek & Westport, Railway Company, 9 Bush, 247.